IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 8 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

HAROLD DAVID SHARP JR.,          §
                                 §
          Petitioner,            §
                                 §
v.                               §          No. 4:17-CV-319-A
                                 §
LORIE DAVIS, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §

### MEMORANDUM OPINION
### and
### ORDER

Before the court is a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 filed by petitioner Harold David
Sharp Jr., a state prisoner, against Lorie Davis, director of the
Texas Department of Criminal Justice, Correctional Institutions
Division, respondent. After having considered the pleadings and
relief sought by petitioner, the court has concluded that the
petition should be dismissed as time-barred.

### I. Factual and Procedural History

On June 22, 2011, in the 220th District Court, Comanche
County, Texas, Case Nos. CCCR-10-03315, CCCR-10-03316, and CCCR-
10-03317, a jury found petitioner guilty of three counts of
intoxication assault, enhanced, and assessed his punishment at
twenty years' confinement, a $5000 fine, and court costs in each
case. (Clerk's R. for CCCR-10-03315 at 52; Clerk's R. for CCCR-

10-03316 at 59; Clerk's R. for CCCR-10-03317 at 61.) Petitioner's

convictions were affirmed on appeal and, on September 11, 2013,

the Texas Court of Criminal Appeals refused his petitions for

discretionary review. (Mem. Op. at 10; Docket Sheets at 2)

Petitioner did not seek writ of certiorari. (Pet. at 3.)

Petitioner also sought postconviction state habeas-corpus relief

by filing three state habeas applications, one for each case, on

October 2, 2015, which were denied by the Texas Court of Criminal

Appeals on May 25, 2016, without written order.[1] (SHR01[2] at 4 &

Action Taken; SHR02 at 4 & Action Taken; SHR03 at 4 & Action

Taken.) This federal petition challenging his convictions and

sentences was filed on April 10, 2017.[3] (Pet. at 13.)

## II.  Issues

In eight grounds for relief, Petitioner claims that (1) his

trial counsel was ineffective (grounds one and eight); his

sentences are based on perjured testimony (ground two); the state

engaged in prosecutorial misconduct (ground three); the trial

---

[1]Under the so-called "prison mailbox rule," a prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, it appears that petitioner's state habeas applications were filed directly with the Comanche County district clerk by his habeas attorney. Thus, the prison mailbox rule is not applied to his state habeas applications.

[2]"SHR01" refers to the record of petitioner's state habeas proceeding in WR-84,130-01; "SHR02" refers to the record of his state habeas proceeding in WR-84,130-02; and "SHR03" refers to the record of his state habeas proceeding in WR-84,130-03.

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

court abused its discretion (ground four); the evidence was insufficient to prove the accident was caused by intoxication (ground five); his right to confrontation was violated (ground six); and his sentencing was improper (ground seven). (Pet. 6-7 & Attachs.) Respondent asserts that the petition is untimely under the federal statute of limitations. (Resp't's Answer 11-15.)

### III.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed

3

application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under
subsection (A), the limitations period began to run on the date
on which the judgments of conviction became final by the
expiration of the time for seeking direct review.[4] Therefore,
petitioner's convictions became final upon expiration of the time
that he had for filing a petition(s) for writ of certiorari in
the United States Supreme Court on December 10, 2013. *See Jimenez
v. Quarterman,* 565 U.S. 134, 119-20 (2009); SUP. CT. R. 13.
Therefore, his federal petition was due one year later on
December 10, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under
the statutory provision in § 2244(d)(2) and/or as a matter of
equity. However, petitioner's state habeas applications filed on

---

[4]Apparently for purposes of invoking subsection (D), petitioner asserts
in his petition, without further elaboration, that he "was just made aware
through 11.07 application of the violations," and his petition "comply's [sic]
with USC § 2254(b)." However, petitioner's claims involve matters related to
his jury trial and, with due diligence, he could have discovered the factual
predicate of those claims at the time of his convictions. *See Manning v. Epps,*
688 F.3d 177, 190 (5th Cir. 2012); *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th
Cir. 1998). The relevant inquiry under subsection (D) focuses on when the
factual predicate of a claim could have been discovered, as opposed to the
date on which the petitioner has in his possession evidence to support his
claim. *See Johnson v. McBride,* 381 F.3d 587, 589 (7th Cir. 2004); *Davis v.
Davis,* No. 4:17-CV-228-A, 2018 WL 3489581, at *4 (N.D.Tex. July 19, 2018).
Because petitioner fails to provide any proof of a new factual predicate,
undiscoverable with due diligence at the time of his convictions, subsection
(D) does not provide the date on which the statute of limitations begins.

October 2, 2015, after limitations had already expired, did not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor does petitioner assert a right to equitable tolling, believing his petition to be timely. Nevertheless, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no assertion of actual innocence or present extraordinary circumstances that prevented him from filing a timely federal petition. Thus, he fails to demonstrate that equitable tolling is justified.

Accordingly, petitioner's federal petition was due on or before December 10, 2014. His petition, filed on April 10, 2017, is therefore untimely.

For the reasons discussed, it is further ORDERED that petitioner's  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further

ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED August 28 , 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE